IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CONNOR LOUIS GOURNEAU, <br><br> Defendant. | CR 22-76-GF-BMM-JTJ <br><br> FINDINGS AND RECOMMENDATIONS |

## I.     Synopsis

Defendant Connor Louis Gourneau (Gourneau) has been accused of violating the conditions of his supervised release. (Docs. 44 and 47) Gourneau admitted the violations. Gourneau's supervised release should be revoked.  Gourneau should be sentenced to custody for a term of 3 months, with 33 months of supervised release to follow. During the first 60 days of supervised release, Gourneau shall be placed at a secure in-patient substance abuse treatment facility such as Connections Corrections.  Following completion, Gourneau shall be placed in a residential re-entry center recommended by his probation officer for a period of 180 days.

### Status

Gourneau plead guilty on November 30, 2022, to the offense of Possession With Intent to Distribute Controlled Substance, in violation of Title 21 U.S.C. §§ 841(a) and (b)(1)(B) as charged in Count 1 of the Superseding Information. (Doc. 28) Gourneau was sentenced by Amended Judgement to 25 months of custody, followed by 3 years of supervised release. (Doc. 41) Gourneau's current term of supervised release began on June 3, 2024.

### Petition

On August 8, 2024, the United States Probation Office filed a Petition requesting that the Court revoke Gourneau's supervised release. (Doc. 44) The Petition alleged Gourneau violated conditions of his supervised release by: (1) admitting to using methamphetamine on July 27, 2024, and (2) admitting to using methamphetamine and fentanyl on August 4, 2024.

### Amended Petition

On November 6, 2024, the United States Probation Office filed an Amended Petition requesting that the Court revoke Gourneau's supervised release. (Doc. 47) The Amended Petition alleged Gourneau violated conditions of his supervised release by the added violations of: (3) failing to comply with substance abuse testing requirements by absconding after a sweat patch was applied to him on August 6,

2024; and (4) testing positive for methamphetamine, fentanyl, and cannabinoids on October 28, 2024.

### Initial Appearance

Gourneau appeared before the Court on November 12, 2024. Gourneau was represented by counsel. Gourneau stated that he had read the Amended Petition and that he understood the allegations against him. Gourneau waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

### Revocation Hearing

Gourneau appeared before the Court on November 12, 2024. Gourneau admitted that he had violated the conditions of supervised release as set forth in the Amended Petition by: (1) admitting to using methamphetamine on July 27, 2024 and (2) admitting to using methamphetamine and fentanyl on August 4, 2024; (3) failing to comply with substance abuse testing requirements by absconding after a sweat patch was applied to him on August 6, 2024; and (4) testing positive for methamphetamine, fentanyl, and cannabinoids on October 28, 2024. Gourneau's violations are serious and warrant revocation of his supervised release.

### Sentencing hearing

Gourneau appeared before the Court on November 12, 2024. Gourneau's violation is a Grade C violation. His criminal history category is I. Gourneau's

underlying offense is a Class B felony. Gourneau could be incarcerated for up to 60 months. Gourneau could be ordered to remain on supervised release for up to 36 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

## III. Analysis

Gourneau's supervised release should be revoked. Gourneau should be sentenced to custody for a term of 3 months, followed by a term of 33 months of supervised release. During the first 60 days of supervised release, Gourneau shall be placed at a secure in-patient substance abuse treatment facility such as Connections Corrections. Following completion, Gourneau shall be placed in a residential re-entry center recommended by his probation officer for a period of 180 days.

## IV. Conclusion

The Court informed Gourneau that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Gourneau of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Gourneau that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Gourneau stated that he wished to waive his right to object to

these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS**:

> That CONNOR LOUIS GOURNEAU has violated the conditions of his supervised release by: (1) admitting to using methamphetamine on July 27, 2024 and (2) admitting to using methamphetamine and fentanyl on August 4, 2024; (3) failing to comply with substance abuse testing requirements by absconding after a sweat patch was applied to him on August 6, 2024; and (4) testing positive for methamphetamine, fentanyl, and cannabinoids on October 28, 2024.

The Court **RECOMMENDS:**

> That the District Court revoke Gourneau's supervised release and sentence Gourneau to custody for a term of 3 months followed by 33 months of supervised release. During the first 60 days of supervised release, Gourneau shall be placed at a secure in-patient substance abuse treatment facility such as Connections Corrections. Following completion, Gourneau shall be placed in a residential re-entry center recommended by his probation officer for a period of 180 days.
>
> **NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. Section 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.

Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 12th day of November 2024.

John Johnston
United States Magistrate Judge